UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERIC A. DOVER,

          Plaintiff,

   v.

NAVEEN SACHDEV, MD, NAINA
SACHDEV, MD, DIVESH SACHDEV, MD,

          Defendants.

Case No. 3:20-cv-01630-YY

OPINION AND ORDER

Plaintiff has filed a Motion for Default Judgment (ECF 9), and defendants have filed a Motion to Dismiss (ECF 22). Defendants' motion to dismiss is GRANTED, plaintiff's Motion for Default Judgment is DENIED as MOOT, and this case is dismissed with prejudice.[1]

**I.      Motion to Dismiss**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

1 – OPINION AND ORDER

### A.    Subject Matter Jurisdiction

In the Complaint, plaintiff alleges this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  Compl. 2, ECF 1.

#### 1.    Original Jurisdiction

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff cites to federal criminal fraud statutes, 18 U.S.C. §§ 1341 and 1343, in the Complaint.  However, as a private party, plaintiff cannot bring a civil claim based on a violation of a federal criminal statute.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability").  Federal criminal statutes are public in nature and prosecuted in the name of the United States.  Thus, there is no original jurisdiction.

#### 2.    Diversity Jurisdiction

At the hearing, plaintiff clarified that he is pursuing a claim for common law fraud.  For that, he must establish diversity jurisdiction.

Under 28 U.S.C. § 1332, federal courts have diversity jurisdiction where the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.  There must be complete diversity between the parties.  The "general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Catepillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citations omitted).

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States."  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  "[T]he party asserting diversity jurisdiction bears the burden of proof."  *Id.*

"[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* 749-50 (quoting *Owens v. Huntling,* 115 F.2d 160, 162 (9th Cir. 1940)) (alteration in original). "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.*

In the Complaint, plaintiff alleges that he is a resident of Oregon, defendants Dr. Naina Sachdev and Dr. Divesh Sachdev reside in Oregon and California, and Dr. Naveen Sachdev resides in Oregon. Compl. 3-4, ECF 1. Moreover, Dr. Naina Sachdev has submitted a declaration in which she attests that she resides in Lake Oswego, sees medical patients only part time in California, and manages her nutraceutical and skin care business and real estate business in Oregon. Naina Sachdev Decl., ECF 28. She also has submitted a redacted copy of her unexpired Oregon driver's license. *Id.*, Ex. 1.

Complete diversity is lacking in this case, as plaintiff is a citizen of the same state as one, if not all, of the defendants. It is unnecessary to reach defendants' other arguments.

**II.    Motion for Default Judgment**

Given this court has no jurisdiction over this case, defendants' motion for default judgment is moot .

**ORDER**

Defendant's Motion to Dismiss (ECF 22) is GRANTED, Plaintiff's Motion for Default Judgment is DENIED as MOOT (ECF 9), and this case is dismissed with prejudice

DATED  April 22, 2021.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge